UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOHN G. WESTINE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:18-CV-447-CHB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, FEDERAL MEDICAL CENTER | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

John G. Westine was convicted in 2015 of multiple counts of mail fraud, conspiracy to commit money laundering, and securities fraud, and he was sentenced to 40 years in federal prison. *See United States v. John G. Westine*, No. 3:14-cr-010-GFVT (E.D. Ky. 2016). The United States Court of Appeals for the Sixth Circuit recently affirmed Westine's convictions and sentence. *See United States v. John G. Westine*, 883 F.3d 659 (6th Cir. Feb. 26, 2018).

Westine is now an inmate at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Westine filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. Among other things, Westine argues that (1) he was "denied his constitutional right to present a full and complete defense" in his underlying criminal case, (2) he was actually innocent of conspiracy to commit money laundering because there was "no evidence presented by the prosecution," (3) he was "denied his constitutional right to self-representation at trial and on direct appeal," and (4) "[t]he Federal Bureau of Prisons is using a Void Ab Initio Presentence Report that is affecting the execution of my federal sentence." [R. 1 at 2-4].

Ultimately, Westine asks this Court to grant his "request for immediate and speedier release from federal prison." [R. 1 at 4].

Westine's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Westine cannot use a § 2241 petition as a way of challenging his underlying convictions and sentence.

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In this case, Westine has not made such a showing. Instead, Westine is simply trying to litigate arguments that he either made or could have made on direct appeal and in his § 2255 motion. That is not proper in a § 2241 petition.

Accordingly, it is **ORDERED** that:

1. Westine's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

This the 12th day of July, 2018.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY